## BABLEY v. VYSE & GATCHIE.

1. **Landlord and Tenant: DAMAGE.** A. leased certain premises to S., who put B. in possession; by the terms of the lease A. was to have all the corn-stalks grown upon the premises; B. sold his crop of corn to defendant, who turned his cattle into the inclosure, and they destroyed the corn-stalks, and injured the fruit trees and shrubbery: *Held*, that defendant was liable for taking and using the corn-stalks, and for the injury to the trees and shrubbery.

### *Appeal from Fremont Circuit Court.*

### THURSDAY, JUNE 6.

THE petition contains three counts:

"1. Charging that the defendants unlawfully and with force entered the premises of plaintiff, with a large number of cattle, and trod down, ate up and destroyed the grass, fruit trees, and shrubbery there growing, and injured and destroyed the buildings and improvements thereon.

"2. That defendants unlawfully entered said premises, and took and carried away, and converted to their own use, six hundred and forty bushels of plaintiff's corn.

"3. That defendants took and carried away from said premises, and converted to their own use, corn-stalks and fodder belonging to the plaintiff."

The answer was a general denial. There was a trial by jury, and a verdict and judgment for plaintiff. Defendants appeal.

*Stow & Hammond,* for appellant.

*Reed & Ellis,* for appellee.

ROTHROCK, CH. J.—There was evidence tending to show that plaintiff leased the premises for the year 1874 to one Smith, and that Smith put one Brownell in possession; that plaintiff was to have all the corn-stalks

1. LANDLORD and tenant: damages.

grown on the land; that Brownell sold out his crop of corn to defendants and gave possession to them in October, 1874; that defendants turned into the inclosure some twenty or twenty-five cattle, and pastured the stalks, and said cattle destroyed fruit trees, shrubbery, etc.

The court instructed the jury as follows:

"3.   If you find from the evidence that by the terms of the contract between plaintiff and his tenant, Smith, plaintiff was to have all the corn-stalks grown on the premises, raised and cultivated by said tenant, and should also find that defendants got said stalks, either by pasturing the same or cutting and hauling the same from said premises, then you should find for the plaintiff, on this part of his claim, and return a verdict for him for the value of said stalks so taken by defendants.   Should you not find the foregoing facts, you should allow plaintiff nothing on this part of his claim.

"4.   If you find from the evidence that the defendants turned their cattle into plaintiff's field, as alleged by plaintiff, in the first count of his petition, and that said cattle, while so in said field, injured the trees, shrubbery or buildings on said premises, then you should find for the plaintiff, on this part of his claim, and should allow the amount of the damage which said cattle did to said premises."

To the giving of these instructions the defendants excepted, and asked the court to instruct the jury as follows:

"1.   If the defendants entered upon the possession of the premises with and by the consent of the party actually in possession, it is not trespass, and the defendants are not liable as trespassers.

"4.   Unless you find that there has been a promise on the part of the defendants to keep the fences and premises in question in repair, they cannot be held liable to the plaintiff in this action for a trespass upon the premises in question during the term of the lease."

The court refused the instructions asked.

It is urged that plaintiff cannot maintain the action because it is in the nature of trespass, and he was not in possession of the land, and it is not shown that there was any wrongful entry. But the evidence shows that plaintiff leased to Smith, and Brownell raised the crop and sold it to the defendants, and it does not appear that defendants purchased the cornstalks of Brownell. Under this state of facts defendants are liable to plaintiff for taking and using the stalks, and for injury to the trees, fences, shrubbery, etc. They took whatever rights Smith or Brownell had, and could take no more, and are liable to plaintiff as wrong-doers for any injury to his rights. They had the right to remove the crop, but no right to injure the premises.

AFFIRMED.